PEEBLES *v.* MILES.

(In Banc. Oct. 7, 1940.)

[198 So. 29. No. 34233.]

624

**Ethridge & Ethridge,** of Meridian, for appellant.

**Williamson, Riddell & Riddell,** of Meridian, for appellee.

Argued orally by **F. K. Ethridge**, for appellant, and by **T. D. Riddell**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appeal here is from an affirmance by the Circuit Court of Lauderdale county of a judgment rendered by the county court thereof in favor of the appellee on a promissory note. The suit was originally filed in a justice of the peace court, but did not proceed to judgment there, for the reason that the parties agreed to transfer the cause to the county court for trial. In the county court the cause occupied the same status as if it had been first instituted in that court. No appeal had been perfected from the justice of the peace court to the county court, since there had been no judgment rendered to appeal from. Therefore, section 705, Code of 1930, does not prevent the appeal to this Court.

A copy of the note sued on was made a part of the declaration, as filed in the justice of the peace court, in compliance with sections 526 and 527, Code of 1930. The original of the note was thereafter attached as an exhibit

to a deposition taken while the case was pending in the justice of the peace court; but due to the fact that the same was badly worn, or for some other reason, a part thereof, including the date and signature, had become detached and lost before the note was introduced in evidence at the trial in the county court. Its admission was objected to by the appellant, and is now assigned as error. It was conceded, however, that the piece of paper offered in evidence was, in reality, a part of the note which had been filed in the justice of the peace court as an exhibit to the deposition. But the appellant would not agree that the original note bore date of October 17, 1930, as shown by the copy which had been made a part of the declaration, and as testified to in the deposition identifying the exhibit thereto, it being the contention of the appellant that the note was executed at a time prior to October 17, 1930, such as would cause the same to be barred by the statute of limitation, section 2292, Code of 1930. However, there was no plea of the statute of limitations filed, nor was the execution and delivery of the note, copy of which was alleged to have been set forth in the declaration, ever denied in any manner, except by a plea to the general issue. Moreover, the proof disclosed that the attorney for the appellee had correctly copied the original note as a part of the declaration in the case. Section 2336, Code of 1930, is invoked by the appellant in support of his contention that the note was inadmissible in evidence, on the ground that he had no notice that the appellee would undertake to substitute or supply the part of the record which had been lost or destroyed. Section 2336 should be construed in connection with section 2335 and section 2337 of said Code; and if either of said sections have any application to the situation presented by the record before us, the question would be controlled by section 2337, which requires no notice of the so-called substitution, since the loss of a part of the note is not shown to have been discovered until during the progress of the trial in the county court.

The testimony taken in the Circuit Court on a motion for a new trial, and a further motion to set aside the judgment, whereby the Circuit Court had affirmed the judgment of the county court, and which testimony tended to show that the note was executed prior to October 17, 1930, was wholly incompetent under section 704, Code of 1930, for the reason that the appeal was to be considered solely upon the record as made in the county court. When so considered, the judgment appealed from should be affirmed if no prejudicial error be found. Had such error been found it would have been the duty of the Circuit Court to reverse the case, whereupon the statute requires that it be transferred to the issue docket of the Circuit Court for trial therein de novo. After such trial de novo the Circuit Court would be entitled to entertain a motion for a new trial, and to hear evidence in support thereof, but not otherwise.

We are of the opinion that the action of the Circuit Court in affirming the judgment of the county court on the record as sent up to the Circuit Court for review was correct.

Affirmed.